### JOHN F. CROOM v. J. H. GROVES.

(Filed 6 October, 1920.)

**Courts—Contempt—Notice to Show Cause—Insufficient Compliance—Alleys—Obstruction.**

> Under a rule to show cause why the defendant should not be attacked for contempt in failing to obey an order of court for him to remove a building from an alley way, which he was thus unlawfully and wrongfully obstructing, it is an insufficient answer that the defendant had cut an opening through the building in his own opinion sufficient for the plaintiff's purposes, as such would not be in full compliance with the order of the court.

APPEAL by defendant from *Kerr, J.,* at March Term, 1920, of DUPLIN.

This is an appeal by defendant Groves from a judgment of the Superior Court of Duplin County, adjudging him in contempt of court for failure to remove a certain building from over an alley-way in the town of Magnolia.

From the order of Kerr, judge, defendant appealed.

*Stevens & Beasley for plaintiff.*
*Gavin & Blanton and B. H. Crumpler for defendant.*

BROWN, J.   In the judgment of Stacy, J., August Term, 1917, Duplin Superior Court, it was adjudged that "the defendant, J. H. Graves, who now unlawfully and wrongfully obstructs said alley-way, proceed and he is hereby commanded and directed to remove said building from said alley-way, and he is hereby given until 1 May, 1918, to remove the same, and open said alley-way, and this cause is retained for further orders, and the assessment of the plaintiff's damages incurred to be inquired of by a jury."

In response to a rule to show cause why he should not be attached for failing to obey said order, the defendant says that he has cut an opening in his building 12 feet wide and 12 feet high, and avers that this is a full compliance with the order of the court.

We do not think that what the plaintiff has done is in any sense a compliance with the judgment.  He has merely opened a pathway through the first story of the building and left the second story intact, extending across the alley-way.  It is manifest that this is not a compliance with the judgment of the court.

Affirmed.